```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT
```

Robert Hickman,                   :
        Petitioner,               :
                                  :
     v.                           :    File No.  1:92-CR-63-02
                                  :
United States of America,         :
        Respondent.               :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Papers 207 and 209)

Petitioner Robert Hickman, a federal inmate proceeding *pro se*, has filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Paper 207).  In his motion, Hickman claims that the sentence he received over 11 years ago violated his constitutional rights.  Specifically, Hickman claims that his sentence was enhanced by facts that were "not presented to the jury to be found by a beyond a reasonable doubt standard," thereby violating his Fifth and Sixth Amendment rights.  Hickman has also filed a motion to proceed *in forma pauperis.*  (Paper 209).  Because Hickman has virtually no funds, his motion to proceed *in forma pauperis* (Paper 209) is GRANTED.  For the reasons set forth below, however, I recommend that his § 2241 motion (Paper 207) be DENIED.

## Factual Background

Hickman alleges that in 1992 a jury found him guilty on one count of conspiracy to possess with intent to distribute cocaine, and one count of use of a communication facility to commit a felony drug offense. On December 23, 1993, he was sentenced to 264 months on the first count and a concurrent 96 months on the second count. Hickman claims that his sentence was based upon a specific drug quantity that was "not alleged in the indictment nor presented to the jury," and was enhanced two points for possession of a firearm, four points for being an organizer and leader, and two points for obstruction of justice. He was ultimately sentenced according to a guideline level of 36. Without the finding of a specific drug quantity and subsequent enhancements, Hickman claims that his sentence would have been based upon a guideline level of 26.

Hickman's primary claim in the instant motion is that his sentence was based upon facts that "were not presented to the jury to be found by a beyond a reasonable doubt standard," thereby allegedly violating "Robert Hickman's Fifth Amendment rights to be presented with an indictment, and due process of law. As well, the procedure violated his

Sixth Amendment rights to an impartial jury trial."

## Discussion

When an inmate files a motion for habeas corpus relief, the Court must issue an order to the respondent to show cause why the writ should not be granted "unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Here, Hickman is not entitled to a writ, as the relief he seeks would require retroactive application of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).  Before the Court reaches the issue of retroactivity, it must address the question of whether it has jurisdiction to rule upon his motion.

I.   Jurisdiction

Hickman's § 2241 motion challenges the imposition of his sentence.  The Second Circuit has clearly held that the appropriate vehicle for such a challenge is § 2255.  See Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

> Section 2241 is most appropriate for challenging the *execution* of a sentence.  In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of this parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.  See Jiminian

3

> v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). In
> addition, § 2241(c)(3) also grants federal courts
> authority to entertain habeas petitions from
> prisoners "in custody in violation of the
> Constitution or laws or treaties of the United
> States." This language appears to create an
> overlap between § 2255 and § 2241. But we have
> ruled that federal prisoners generally must invoke
> § 2255 instead of § 2241 to challenge a sentence
> as violating the U.S. Constitution or laws.
> Jiminian, 245 F.3d at 147; Triestman v. United
> States, 124 F.3d 361, 373 (2d Cir. 1997).

Id. (emphasis in original). If the Court construes Hickman's motion as brought pursuant to § 2255, however, Hickman would face a procedural bar due to the fact that he has filed previous § 2255 motions. This Court would have no jurisdiction to rule on the motion until it had been transferred to the Second Circuit as "second and successive," and the Circuit had certified that the motion may, in fact, be heard. See id. at 136 (if motion is second and successive, court need not give notice of conversion and must transfer motion to Court of Appeals for certification).[1] Certification would be determined

---

[1] Hickman's motion concedes that he filed a previous § 2241 motion in the U.S. District Court for the Northern District of New York. Although he states that the motion was denied, the record does not reflect whether the court reached the merits of his motion. There is, therefore, inadequate support for treating the instant motion as a second and successive § 2241 motion. See Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003).

according to the gatekeeping requirements of § 2255, which allow second and successive petitions only if they contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.

Hickman claims that his motion is properly brought under § 2241 because it fits into a narrow exception.  This exception allows a § 2241 motion to test the legality of detention when § 2255 is inadequate or ineffective.  See 28 U.S.C. § 2255, ¶ 5; Triestman, 124 F.3d at 373.  In Triestman, the Second Circuit held that § 2255 "may be inadequate or ineffective in circumstances where a prisoner cannot avail himself of § 2255, and when the failure to obtain collateral review raises serious constitutional questions."  Adams, 372 F.3d at 135 (citing Triestman, 124 F.3d at 377).  The Second Circuit has subsequently held that failure to meet the gatekeeping provisions does not render § 2255 inadequate or ineffective, "so long as the claim the

prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." Id. (citing Jiminian, 245 F.3d at 147-48).

Hickman's claim that each of his sentence enhancements needed to be found by a jury beyond a reasonable doubt echoes the Supreme Court's recent holdings in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).[2]  Although the holding in Booker restated the Supreme Court's prior holding in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), courts had generally not applied the holding Apprendi as broadly as now dictated by Booker.  See, e.g., United States v. Garcia, 240 F.3d 180, 183-84 (2d Cir. 2001) ("We see nothing in the Court's holding in Apprendi or its explication of the holding that alters a sentencing judge's traditional authority to determine those facts relevant to selection of a sentence within the statutory maximum . . . ."); see also United States v. Crosby, 397 F.3d 103, 120 n.6 (2d Cir. 2005) (Booker decision clarified the breadth of Apprendi). It is, therefore, arguable that Hickman's claim, which

---

[2] To the extent that Hickman's claims are brought pursuant to Apprendi, those claims were denied by the Court in previous rulings.  (Papers 182 and 186).

challenges all enhancements not found by a jury, was not available until after the <u>Blakely</u> and <u>Booker</u> decisions were handed down.

Hickman did raise a <u>Blakely</u> claim in a previous § 2255 motion.  In fact, the allegations in that claim were nearly identical in substance to the claims presented here.  (Paper 192).  His motion, however, was second and successive, and certification was denied by the Second Circuit.  (Paper 198).  Accordingly, the Court never reached the merits of his claim.  Given these facts, it is again arguable that because the Court could not reach the merits of Hickman's <u>Blakely</u> argument, that claim was not "available" to him in a prior § 2255 motion.

Hickman's initial § 2255 motion was filed in July, 2002.  (Paper 174).  Neither <u>Blakely</u> nor <u>Booker</u> had been decided at that time.  Consequently, at the time of his initial § 2255 motion, Hickman could not have challenged his sentence based upon the holdings in those cases.  I therefore find that Hickman's current claim was not previously available to him on direct appeal or in a motion filed under § 2255, and recommend that the Court allow his § 2241 motion to proceed.  However, for the reasons set forth

below, I recommend that his motion be DENIED.

II. Retroactivity

In Booker, the Supreme Court held that "the Guidelines violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on findings of fact (other than the fact of a prior conviction) made by the judge." Guzman v. United States, 2005 WL 803214, at *1 (2d Cir. April 8, 2005) (citing Booker, 125 S. Ct. at 755-56). Booker also held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker at 756. As discussed above, Hickman's claim that his sentence was illegally enhanced closely tracks the language of the Booker holding.

In order for Hickman to obtain relief under Booker, the Booker decision must apply retroactively to his 1993 sentence. Hickman asserts in his motion that "[t]he retroactivity of 'Booker', supra is not an issue," since, he claims, Booker merely clarified law that existed at the time

of his sentencing.  To the contrary, the Second Circuit has held that Booker announced a new rule of law that was not compelled by precedent.  See Guzman v. United States, 2005 WL 803215, at *2 (2d Cir. April 8, 2005).  The Second Circuit has also determined that Booker "is not retroactive, *i.e.*, it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued."  Guzman, 2005 WL 803214, at *4.

Hickman is challenging a sentence that became final before the rule in Booker was announced.  Because that rule is not retroactive, his claim that the facts supporting his sentencing enhancements needed to be proven to a jury beyond a reasonable doubt should be DENIED.

## Conclusion

For the reasons set forth above, Hickman's motion to proceed *in forma pauperis* (Paper 209) is GRANTED.  I further recommend that Hickman's motion for habeas corpus relief (Paper 207), brought pursuant to 28 U.S.C. § 2241, be DENIED.

Dated at Burlington, in the District of Vermont, this 27th day of April, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3 & 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).